pending and then to be heard in such court." While I cannot too strongly condemn the propriety of serving papers on an attorney in open court, I think such service is legal. The reason of the exemption prior to the Revised Statutes was "not to take away an attorney while in court in discharge of his duty, by a ca. sa., by which a suit was then instituted." Under the present procedure a service of a summons or order would not interfere with such a discharge of his duties. The reason for the exemption having ceased to exist, the maxim, "Cessante ratione, cessat lex," applies.

The order appealed from is therefore reversed, with costs, and the motion below is denied, without costs, and defendant is directed to attend and be examined pursuant to the order. All concur.

---

(18 Misc. Rep. 376.)

## BERNSTEIN v. HILPOLTSTEINER.

(City Court of New York, General Term. October 30, 1896.)

DIVISIBLE CONTRACT—SUCCESSIVE ACTIONS.
  A contract stipulating for monthly delivery of goods and monthly payments is divisible, and a judgment for accrued payments is not a bar to the recovery of payments maturing after such judgment.

Appeal from trial term.

Action by Adolph Bernstein against Samuel Hilpoltsteiner for damages for breach of contract. From a judgment on a verdict in favor of plaintiff, directed by the court, defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and FITZSIMONS and SCHUCHMAN, JJ.

Hays & Greenbaum, for appellant.

J. Krone, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment entered on a verdict directed by the court in favor of the plaintiff for the sum of $341.04. The action was brought to recover the sum of $240 as damages for the breach of a stipulation in a contract on the part of the defendant to receive the amount of 300 dozen clasps a month from January 1, 1894, to April 1, 1895. The contract made between the plaintiff and defendant (being Exhibit A in the case), bearing date November 22, 1890, provides that the defendant agrees to take from the plaintiff 100 of such clasps in each and every month for 10 years from and after January 2, 1891, and to pay the plaintiff the cost price of such clasps, and also an additional sum of five cents per dozen for each and every dozen thereof. It further provides "that payment due the plaintiff shall be made on the 1st day of each and every month during the existence of this agreement." Said agreement was modified by a memorandum in writing dated April 30, 1891 (being Exhibit B in the case), in that the defendant agreed to purchase from the plaintiff, and the plaintiff agreed to sell to the defendant, 300 dozen clasps in

each and every month from the 1st of August, 1891. In other respects the former agreement was to remain in full force and effect, and be binding upon the contracting parties. On or about January 11, 1895, the plaintiff herein brought an action against the defendant herein, in the city court of New York, on the contract as modified above, to recover under said agreement the amount of 300 dozen clasps a month from August 1, 1891, to January 1, 1894, amounting to $435, in which action, on a trial before a jury, a judgment was recovered about March 9, 1895, against the defendant for the sum of $561.10, which the defendant paid. This latter judgment was pleaded by the defendant as a bar to the recovery in this action, the defendant maintaining that the contract involved was an entire contract, and, the recovery in part having been had once for a breach thereof, no further recovery could be had in this action. This leads us to the investigation whether the said contract was an entire or divisible one. It is clearly a divisible one, because the contract contains stipulations to be performed at different times, to wit, monthly. Monthly deliveries of clasps were to be made, and payment therefor was to be made monthly. The ground of action is the stipulation, which is in the nature of a several contract. The rule that the plea of bar applies when several demands or stipulations of one contract have accrued, and one is sued on, and judgment recovered, that that is a bar against this claim, does not apply in this case, because the cause of action, the subject in this case, had not accrued when the former action, for which judgment had been recovered, was commenced. Jex v. Jacob, 19 Hun, 105. The said judgment, therefore, is no bar to this action.

The third paragraph of the complaint alleges: "That the plaintiff herein has fully performed all the conditions in the aforesaid agreement on his part, and that the defendant has declined to receive the amount of three hundred clasps a month from January 1, 1894, to April 1, 1895." The only evidence on the trial relating to any performance of said contract on plaintiff's part and refusal to perform on the defendant's part is the testimony of Bernstein, at folio 62, where he testified as follows: "On February 9, 1891, I had a conversation with the defendant. I brought one hundred gross of clasps to him, but he did not want to accept them. He simply said, 'Don't send me any clasps until I send for them.'" Thus it does appear that the testimony shows an offer to perform by the plaintiff, and a refusal to accept by the defendant, on February 9, 1891, while the contract for the breach of which this suit is brought did not go into effect until August 1, 1891. No offer by the plaintiff or refusal by the defendant to perform the contract between January 1, 1894, and April 1, 1895, the period for which damages are sought to be recovered in this action, were shown on the trial. There was, therefore, no breach of the said contract proven, and defendant's motion to dismiss should have been granted.

Judgment reversed, with costs to the appellant to abide the event. All concur.